IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Scott Peters (M-52851), | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 7236 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| | ) | |
| McHenry County | ) | |
| Connections Officers, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [16] is granted. The court orders the trust fund officer at plaintiff's place of incarceration to deduct $5.00 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at Stateville Northern Reception and Classification ("NRC") Center. The court further directs the Clerk of Court to: (1) file plaintiff's amended complaint [12]; (2) issue summons for service on defendant Dr. Kim; and (3) send plaintiff one blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order. The court advises plaintiff that a completed USM-285 (service) form is required for each named defendant. The U.S. Marshal will not attempt service on a defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve the defendant. Plaintiff's motion for consolidation [11] is denied. Given the nature of plaintiff's claims, the court grants plaintiff's motion for attorney representation [15] and recruits Edwin Michael Plaza**,** Michling Plaza & Associates, 101 North Throop Street, Woodstock, IL 60098, to represent plaintiff in accordance with counsel's trial bar obligations under N.D. Local Rule 83.11(g) and 83.37. Within 30 days, counsel shall enter an appearance for plaintiff. Plaintiff's motion for compliance [13], which is a duplicative request for attorney representation, is unnecessary and is terminated.

## STATEMENT

Plaintiff Scott Peters, who is currently incarcerated at Stateville NRC, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He names Dr. Young Sun Kim, a physician at the McHenry County Jail, as the sole defendant. Plaintiff alleges that upon his arrival at McHenry County Jail, he complained about a preexisting "stomach hernia". He alleges that Dr. Kim ordered an X-ray, which confirmed a hernia. He alleges, however, that Dr. Kim refused to treat the hernia initially and made no plans to treat it thereafter. Plaintiff alleges that he then, while still

1

incarcerated at McHenry County Jail, suffered an "extreme episode" as a result of the hernia. He alleges that during this episode he was denied access to a doctor, and instead was placed in a wheelchair, put in a choke hold, and brought to court and "ridiculed". After appearing in court, he alleges that he was thrown on the floor of a booking cell where he passed out from pain. He alleges that he suffered ankle, leg, knee, and back injuries as a result of the episode that Dr. Kim refused to treat. Plaintiff lastly alleges that Dr. Kim, "under pressure from the state and county", told Jail officials to remove his wheelchair. He alleges that he has suffered pain and decreased mobility as a result of having to use only crutches instead. Currently before the court are plaintiff's application for leave to proceed *in forma pauperis,* his amended complaint for initial review, his motion for consolidation, his motions for attorney representation, and his motion for compliance.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $5.00 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998) (explaining that deliberate indifference claims against jail personnel arise under the Fourteenth Amendment rather than the Eighth Amendment but are analyzed under the same standard). To state a valid deliberate indifference claim, plaintiff's allegations must indicate both: (1) he had an objectively serious medical condition and (2) the defendants actually knew about the serious medical condition but deliberately took inadequate steps to address it. *Smego v. Mitchell* , 723 F.3d 752, 756 (7th Cir. 2013).

Here, accepting plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable deliberate indifference claim against defendant Dr. Kim. A hernia, as well as chronic pain, can be objectively serious. *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011). A doctor's refusal to provide adequate treatment for such a condition can amount to deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *see also Johnson v. Doughty*, 433 F.3d 1001, 1012-15 (7th Cir. 2006) (prison officials and doctors can be held constitutionally liable for acting with deliberate indifference to an inmate's hernia); *Heard v. Illinois Dept. of Corrections*, No. 06 C 644, 2012 WL 832566 at **6-8 (N.D.Ill. March 12, 2012) (prison and prison doctors' deliberate disregard to an inmate's need for surgery to correct a hernia can amount to a constitutional violation and establish § 1983 liability). Thus, plaintiff's allegations that Dr. Kim ignored treatment for plaintiff's hernia state a colorable claim. Plaintiff's allegations that Dr. Kim denied him continued access to his wheelchair also state a colorable claim. It is true that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle,* 429 U.S. at 106). A health care provider acting in his professional capacity "may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). Here plaintiff pleads an abdication of professional judgment on the part of Dr. Kim; he alleges that Dr. Kim discontinued his access to his wheelchair due to pressure from the state and county rather than medical reasons. While a more fully developed record may belie plaintiff's claims, Dr. Kim must respond to these allegations in the complaint.

Plaintiff's unelaborated-upon allegation that Dr. Kim refused to treat unspecified injuries to his leg, ankle, knee, and back following his "episode" is, however, too vague to raise an inference of deliberate indifference. There are no facts alleged from which the court can infer

3

with plausibility that plaintiff's injuries were objectively serious, or that Dr. Kim consciously disregarded them.

Plaintiff's allegations that he was choked, ridiculed, and thrown in a booking cell following his "episode" are also not actionable at this time because plaintiff has not named a proper defendant to any potential claim based thereupon. Section 1983 creates a cause of action based on personal liability and predicated on fault; thus to be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted); *see Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). The sole defendant named in the amended complaint is Dr. Kim, but plaintiff alleges no facts suggesting that he was involved in the handling of his episode.

Plaintiff has also filed a motion that he titled a "motion for consolidation" [11], wherein he asks to proceed against McHenry County as an additional defendant despite the court's admonishment to plaintiff in its prior screening order [8] that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff appears to argue that a claim against McHenry County is not barred by the rule of *George* because, according to plaintiff, the violations of his constitutional rights were examples of systemic injustice fostered by the political atmosphere of McHenry County.

Plaintiff's motion is denied. Plaintiff must name the parties he wishes to sue, and the allegations against them, in the complaint itself. In any event, and irrespective of whether the rule of *George* were implicated on these facts by a claim against McHenry County, plaintiff has not pleaded any facts in either the amended complaint or the motion for consolidation that would confer Section 1983 liability upon McHenry County. A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978); *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). To state a *Monell* claim against a municipality, a plaintiff must articulate facts supporting an inference that such a custom, policy, or practice caused the constitutional violation. *See, e.g., Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Plaintiff alleges no such facts here. Instead, he merely asserts in boilerplate fashion in his motion that McHenry County is fostering systemic injustice. Simply stating that unconstitutional policies or customs existed does not state a valid claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (boilerplate language of a *Monell* claim is insufficient to proceed with such a claim).

The court directs the clerk to issue summons for service of the amended complaint [12] on defendant Dr. Kim. The Clerk of Court is directed to mail plaintiff one blank USM-285 (U.S. Marshals service) form. The court advises plaintiff that a completed USM-285 form is required for each named defendant. The U.S. Marshal will not attempt service on a defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for

each defendant, and failure to do so may result in the dismissal of the unserved defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The court appoints the U.S. Marshals Service to serve defendant. The court directs the U.S. Marshal to make all reasonable efforts to serve defendant. With respect to any former employee of McHenry County Jail who can no longer be found at the work address provided by plaintiff, McHenry County officials must furnish the U.S. Marshal with the defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the court file nor disclosed by the U.S. Marshal, except as necessary to serve defendants. The U.S. Marshal is authorized to send a request for waiver of service to defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

In light of the complexity of the case due to the medical issues involved and the potential ongoing need for medical care, the court grants plaintiff's motion for attorney representation [15] and recruits Edwin Michael Plaza, Michling Plaza & Associates, 101 North Throop Street, Woodstock, IL 60098, to represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules. *See Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) (when deciding whether to recruit counsel, directing district court to consider the severity of inmate's medical condition and the difficulty of conducting advance-stage litigation tasks that involve medical issues); *Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015) (same). Plaintiff's "motion for compliance" [13], wherein plaintiff requests that the court recruit counsel because he has limited access to the supplies and legal aid materials needed to prosecute his case, is duplicative and unnecessary, and it is terminated. Within 30 days, counsel shall enter an appearance for plaintiff.

Date: 12/17/2015                                    ENTER:

                                                    /s/ Philip G. Reinhard
                                                    _____
                                                    United States District Court Judge

Docketing to Mail Notices. (RF)